# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEMS,

    Plaintiff,

v.                                          CASE NO. 2:10-CV-00700-FtM-36DNF

LIETTY GUILLERMO, et al.,

    Defendants.

_____/

## ORDER

This cause comes before the Court on Defendant Susan and Jeffrey Garvin's (the "Garvins") Motion for Abstention ("Motion for Abstention"), filed August 5, 2011 (Doc. 38). On September 2, 2011, Plaintiff Lee Memorial Health Systems ("LMHS") filed a Response in Opposition (Doc. 50) to the Garvin's Motion. For the reasons that follow, the Motion for Abstention will be granted.

## BACKGROUND

LMHS is a political subdivision of the State of Florida, created by the Florida Legislature to operate, control, and maintain public hospitals and other healthcare facilities in Southwest Florida. *See* Doc. 13, ¶ 6. Prior to November 2, 2004, the law in Florida was clear that health care facilities, such as LMHS, were not required to disclose "confidential information and records" in certain circumstances, such as pursuant to investigations of medical malpractice. *Id.* at ¶ 11. However, on November 2, 2004, the Florida electorate approved an amendment to the State Constitution titled "Patients' Right to Know About Adverse Medical Incidents" ("Amendment 7"). *Id.* at ¶ 12; Fla. Const. Art. X, § 25. Amendment 7 allows patients "access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident."

*Id.* at § 25(a).  On June 20, 2005, the Florida Legislature passed an enabling act, codified as Florida Statutes § 381.028, to implement Amendment 7.  *See* Doc. 13, ¶ 14.

On or about November 8, 2010, LMHS received a notice of intent to Initiate Litigation for Medical Malpractice by the Garvins.  *Id.* at ¶ 72.  The notice also requested LMHS produce Amendment 7 documents.  *Id.* at ¶ 74.  On or about November 22, 2010, the Garvins served LMHS with a Request for Production, again requesting various Amendment 7 documents.  *Id.* at ¶¶ 77-78.  On or about November 24, 2010, the Garvins filed a medical malpractice suit against LMHS relating to care provided at a LMHS facility.  *See Garvin v. Lee Memorial Health System*, Case No. 10-CA-004822, in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.  *Id.* at Ex. Q.  LMHS has objected to both the request in the Garvins' Notice and the Request for Production.  *Id.* at ¶¶ 79-80.

On January 7, 2011, LMHS filed an Amended Complaint (Doc. 13) against the Garvins and others with this Court.  Counts One through Four of the Amended Complaint seek declaratory relief to the effect that Amendment 7 is preempted by the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), the Health Insurance Portability and Accountability Act ("HIPPA"), the Health Care Quality Improvement Act of 1986 ("HCQIA"), and that it violates the Contract Clause.  *Id.*  Count Five seeks injunctive relief, requesting the Court find LMHS need not comply with Amendment 7.  *Id.*  On August 5, 2011, LMHS filed a Motion for Summary Judgment (Doc. 37).  On that same day, the Garvins filed a Motion for Abstention (Doc. 38), requesting the Court abstain from considering LMHS' Complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

**ANALYSIS**

### I.   The Principles of Abstention and Comity Are Not Obviated by the Submission of LMHS to Federal Jurisdiction

LMHS asserts that as the principles of federalism and comity were established for the benefit of the state and its entities, as a political subdivision of the state, it has the right to waive these principles. *See* Doc. 50, pp. 2-3. Moreover, LMHS submits it has voluntarily submitted itself to this federal forum, obviating the principles upon which *Younger* abstention is based. As such, LMHS contends the Garvin's Motion for Abstention should be denied. The Court finds these arguments unavailing.

The policies underlying *Younger* abstention arise out of maintaining a proper respect for state functions. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116. To that end, the Supreme Court has stated:

> The policies underlying *Younger* abstention have been frequently reiterated by this Court. The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.' Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights.

*Middlesex*, 457 U.S. at 431 (quoting *Younger*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971)). Moreover, in *Ohio Bureau of Employment Services v. Hodory*, the court states "*Younger v. Harris* reflects a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states. *Ohio Bureau of Empl. Services v. Hodory*, 431 U.S. 471, 479-80, 97 S.Ct. 1898, 1904, 52 L.Ed.2d 513 (1977) (citing *Younger*, 401 U.S. at 44).

LMHS bases its argument primarily on the decision in *Hodory*. In *Hodory*, the appellee Paul Hodory applied to the appellant, Ohio Bureau of Employment Services, for unemployment benefits, but his claim was disallowed under an Ohio statute. *Id.* at 471. While appellee's request for reconsideration was pending before the Board of Review, he filed a class action in federal district court against the appellants, the Bureau, and its director for declaratory and injunctive relief, asserting the Ohio statute conflicted with federal law and denied due process and equal protection. *Id.* The Bureau argued before the district court that principles of comity required it to abstain from the case. The district court held that abstention was unwarranted and ruled in favor of Hodory on the merits. Subsequently, the Bureau and its director took direct appeal to the Supreme Court. *Id.* at 476. On appeal, neither party claimed the district court should have abstained from deciding the case. Instead, the issue of abstention was raised in an amicus curiae brief. *Id.* In finding that abstention was not required on appeal, the Court stated, "*Younger* and these cited cases express equitable principles of comity and federalism. They are designed to allow the State an opportunity to 'set it's own house in order' when the federal issue is already before a state tribunal." *Id.* at 479-80. Moreover, the Court found that under the circumstances, *Younger* principles of equity and comity did not require the Supreme Court to refuse Ohio the immediate adjudication it sought. *Id.* at 480. The Supreme Court also noted that the appellants, the Ohio Bureau of Employment Services "in effect are the State of Ohio". *Id.* at 477

In *Hodory*, the State of Ohio, not a political subdivision of the State, was a party to the case. Moreover, on appeal neither party challenged the district court's ruling on abstention and the Supreme Court did not express any view on whether the district court erred in refusing to abstain on *Younger* grounds. In fact, *Younger* abstention would not have been discussed at all, had it not

been raised by the amicus. *Id.* at 476. Accordingly, *Hodory* does not stand for the proposition that a federal court may not abstain from hearing a claim when a political subdivision of the state, as a party, voluntarily submits itself to a federal forum.

LMHS also cites *Brown v. Hotel and Restaurant Employees and Bartenders Int'l Union Local 54*, to support its position that the State, or any of its entities', voluntary submission to a federal forum obviates the principles upon which *Younger* abstention is based. *Brown v. Hotel and Restaurant Employees and Bartenders Int'l Union Local 54*, 468 U.S. 491, 104 S.Ct. 3179, 82 L.Ed.2d 373 (1984). However, just as in *Hodory*, the parties consisted of, among others, the State and its officials: G. Michael Brown, the Director of New Jersey's Department of Law and Public Safety, Division of Gaming Enforcement; the Division of Gaming Enforcement; and the Governor of New Jersey. They were represented by the New Jersey Attorney General. The Unions nor Brown, the Division, or the Governor objected to having their appellate claims heard in federal court. *See id.* at 500, n. 9 ("The New Jersey Attorney General . . . does not, however, press the Younger abstention claim before this Court, and instead submits to the jurisdiction of this Court in order to obtain a more expeditious and final resolution of the merits of the constitutional issue."). Unlike in *Hodory* and *Brown*, here there is no consent on behalf of both parties to have their claims heard in federal court. In this case, it is apparent that the Garvins have not consented to have their claims heard in federal court, as evidenced by the filing of their Motion for Abstention. *See* Doc. 38. As such, the policies underlying *Younger* abstention still exist and the parties have not mutually agreed to disregard them.

Additionally, LMHS asserts that, as a political subdivision of the State of Florida, it should be able to unilaterally waive the principles of federalism and comity and have its claims heard in

federal court. However, LMHS has not pointed to any controlling authority supporting this position or provided any persuasive argument regarding why this should be the case. Furthermore, LMHS has failed to show that simply because an entity is a political subdivision, that it is necessarily entitled to all the privileges and immunities of the State itself. This is not always the case. For example, in the Eleventh Amendment Immunity context, courts have found that the immunity extends to both states and to state officials, but not to counties, municipal corporations, and other political subdivisions of the state. *Stewart v. Baldwin County Board of Education*, 908 F.2d 1499, 1509 (11th Cir. 1990); *Mount Healthy Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572 (1977). It is clear that LMHS is not the state or a state agency. Further, LMHS has not argued that it is an arm of the state.

## II. *Younger* Abstention Analysis

The Supreme Court has said that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). "But, 'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." *Id.* (citing *New Orleans Pubic Services, Inc. v. Council of New Orleans*, 491 U.S. 350, 359, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989)). "While non-abstention remains the rule, the *Younger* exception is an important one." *Id. Younger v. Harris* and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex*, 457 U.S. at 431 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In *Younger v. Harris*, a federal plaintiff challenged the constitutionality of a state statute

under which he was being prosecuted in state court as a defendant. *Younger*, 401 U.S. at 37. The Supreme Court concluded that the state criminal proceeding offered a sufficient forum for the plaintiff to raise his constitutional defense, and abstained from hearing the plaintiff's claim. *Id. Younger* held that based on concepts of federalism, a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances. *Id.* "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432.

Thus, under *Younger*, a federal court may abstain from granting injunctive relief where: (1) there is a pending state proceeding and the requested federal remedy would create an undue interference with that state proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding provides plaintiff with an adequate opportunity to raise its federal constitutional questions. *Green v. Jefferson County Commission*, 563 F.3d 1243, 1250 (11th Cir. 2009); *Middlesex*, 457 U.S. at 432.

        **A.    This Matter Will Unduly Interfere with a Pending State Court Proceeding**

The Garvins filed suit against LMHS in state court. *See* Doc. 13-3. The Garvins and LMHS are the only parties to that state court action. Moreover, both parties agree that this state court proceeding is pending. *See* Doc. 13, ¶ 82. Indeed, the Garvins have filed a Request for Production requesting various Amendment 7 documents. LMHS objected to the production of the documents. Instead, LMHS brought this instant action in federal court to determine its rights and obligations under state and federal law with regard to Amendment 7. *Id.* at ¶¶ 19, 20. Even a cursory review of the instant complaint demonstrates that an adjudication of this action will interfere with the state action. Specifically, LMHS seeks to have this Court "issue a preliminary injunction and permanent

injunction that LMHS need not comply with the Amendment 7 requests" despite LMHS' acknowledgment that it has relevant documentation in its custody. *Id.* at p. 26. Based upon these facts, it is clear that there is a pending state proceeding and that the requested federal remedy would create an undue interference with that state proceeding. *See e.g.*, *31 Foster Children v. Bush*, 329 F.3d 1255, 1275 (11th Cir. 2003) (noting the factor of interference in a state court proceeding was met when the state proceeding "would have been effectively enjoined by a declaratory judgment by the federal court").

LMHS argues that the Court should deny the Motion for Abstention because the underlying action is not a parallel state proceeding. *See* Doc. 50, p. 5. To support this argument, LMHS directs the Court to two cases from outside of the 11th Circuit. *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992); *New Beckley Mining Corp. v. International Union, WMWA*, 946 F.2d 1072, 1074 (4th Cir. 1991). In addition to not being binding precedent, these cases discuss abstention under *Colorado River*, rather than *Younger*. *See e.g.*, *McLaughlin*, 955 F.2d at 930 (finding claims were "not totally duplicative of pending state court actions and abstention under *Colorado River* was not appropriate . . . "). *Colorado River* abstention is distinct from *Younger* abstention insofar as it relies on notions of judicial economy and not principles of federalism and comity. For instance, in *Colorado River*, the Court stated:

> . . . there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'

*Colorado River*, 424 U.S. 800 at 817 (quoting *Kerotest Manufacturing Co., v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952). Unlike in *Colorado River* abstention, *Younger* abstention does not require a parallel state proceeding.

### B. The State Proceeding Implicates Important State Interests

The underlying state action is a medical malpractice case where document requests were made pursuant to Amendment 7, a provision of the Florida Constitution. Art. X, § 25, Fla. Const. Certainly, the interpretation of the State's Constitution is an important state interest. LMHS argues that "while the constitutionality of Amendment 7 may be an important interest, the underlying medical malpractice action is not a state proceeding that seeks to determine the constitutionality of Amendment 7." *See* Doc. 50, p. 7. Though the underlying claim does not seek to determine the constitutionality of Amendment 7, it nonetheless calls for the interpretation of a provision of the Florida Constitution. As such, the Court finds the state proceeding certainly implicates important state interests.

### C. The State Proceeding Provides LMHS with Adequate Opportunity to Raise Federal Claims

LMHS argues that, "[e]ven if the Defendants in the underlying action pursued discovery seeking documents pursuant to Amendment 7, and, thereby, giving LMHS an opportunity to assert its objections, federal claims and other defenses, there is no requirement that the state court actually decide the federal issues." *See* Doc. 50. Initially, it seems fairly clear from LMHS' Complaint, that the Garvins intend to pursue discovery regarding documents pursuant to Amendment 7, thus allowing LMHS to raise its objections. Moreover, this alone is sufficient as *Green* only requires the opportunity to assert its objections. *Green*, 563 F.3d at 1250; *Middlesex*, 457 U.S. at 432. By

asserting its objections to producing these documents, LMHS will have an opportunity to raise its constitutional challenges.

Additionally, Florida Circuit Courts, District Courts of Appeal, and the Supreme Court of Florida have shown themselves to be very capable of adjudicating these federal issues. *See West Florida Regional Medical Center, Inc. v. See*, 18 So. 3d 676 (Fla. 1st DCA 1009)[1]( concluding that Amendment 7 is not preempted by the HCQIA); *Columbia Hospital Corp. of South Broward v. Fain*, 16 So. 3d 236 (Fla. 4th DCA 2009) (concluding that Amendment 7 is not preempted by the HCQIA); *Morton Plant Hospital Association, Inc. v. Shahbas*, 960 So. 2d 820 (fla. 2d DCA 2007) (rejecting the argument that production of the Amendment 7 documents would violate the privacy rights of other patients); *see also Alfonso v. Sterling Emergency Physicians of Palmetto, P.A.*, Miami Dade County Circuit Court Case No. 06-13845 (rejecting "each of the hospital's federal constitutional challenges" and specifically finding "that Amendment 7 is not preempted under the federal supremacy clause by the Health Care Quality Improvement Act (HCQIA) or the Health Insurance Portability and Accountability Act of 1996 (HIPPA), or that Amendment 7 is unconstitutional under the impairment of the obligation of contract to the U.S. and Florida Constitutions, or due process clause of the U.S. Constitution."). As such, the Court finds the underlying state proceeding provides LMHS with an adequate opportunity to raise its federal claims. As the principles of *Younger* abstention apply to this case, the Court will abstain from exercising its jurisdiction.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

---

[1] The Supreme Court of Florida has accepted jurisdiction to review this decision.

1. Defendant Susan and Jeffrey Garvins' Motion for Abstention (Doc. 38) is **GRANTED**. The Court abstains from exercising jurisdiction over this action.

2. This case is **DISMISSED**.

3. Plaintiff Lee Memorial Health Systems' Motion for Summary Judgment (Doc. 37) is **DENIED** as moot.

4. Defendant Susan and Jeffrey Garvin's Motion for Judgment on the Pleadings (Doc. 40) is **DENIED** as moot.

5. The Clerk shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Ft. Myers, Florida, on November 18, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD